1  DEBRA A. VALENTINE
   General Counsel

2
   THOMAS J. SYTA  Cal. Bar No. 116286
3  TANYA MAYORKAS, CA Bar No. 189090
   Federal Trade Commission
4  10877 Wilshire Blvd., Suite 700
   Los Angeles, CA  90024
5  (310) 824-4324 or 824-4317
   (310) 824-4380 fax

6
   Attorneys for Plaintiff
7  FEDERAL TRADE COMMISSION

8

9

10

11

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

12  _____ )  CV-99-07989-GHK(CTx)
    FEDERAL TRADE COMMISSION, )
13                     .      )  [Proposed]
                              )  STIPULATED FINAL JUDGMENT AND
14          Plaintiff,        )  ORDER FOR PERMANENT INJUNCTION
                              )
15      v.                    )
                              )
16  CREDIT NATIONAL, INC.,    )
        a corporation,        )
17                            )
    MARK WOLF,                )
18      an individual, and    )
                              )
19  doing business as         )
        CREDIT AMERICA,       )
20                            )
            Defendants.       )
21  _____ )

22

23      Plaintiff Federal Trade Commission ("Commission"), pursuant

24  to Section 13(b) of the Federal Trade Commission Act ("FTC Act"),

25  15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and

26  Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, filed a Complaint

27  for Permanent Injunction and other equitable relief, charging

28

1 | Defendants Credit National, Inc. and Mark Wolf, individually, and
2 | doing business as Credit America ("Defendants") with violations
3 | of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's
4 | Trade Regulation Rule entitled "Telemarketing Sales Rule,"
5 | 16 C.F.R. Part 310.  The parties, represented by the attorneys
6 | whose names appear hereafter, have agreed to the entry of this
7 | Order and have requested that the Court enter the same to resolve
8 | all matters in dispute in this action without trial or
9 | adjudication of any issue of law or fact herein.

10 | Plaintiff, by and through its counsel, and the Defendants,
11 | through their counsel, have agreed to entry of this Stipulated
12 | Final Judgment and Order for Permanent Injunction by this Court
13 | without trial or adjudication of any issue of fact or law, and
14 | without admission of any of the offenses charged in the
15 | Complaint.  The parties having requested the Court to enter this
16 | Stipulated Final Judgment and Order for Permanent Injunction, and
17 | finding good cause therefore, it is hereby ORDERED, ADJUDGED, AND
18 | DECREED as follows:

19 | **FINDINGS**

20 | 1.  This Court has jurisdiction over the parties and
21 | subject matter of this action and the Complaint states a claim
22 | upon which relief may be granted against the Defendants under
23 | Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and
24 | 53(b), and the Telemarketing Sales Rule, 16 C.F.R., Part 310.

25 | 2.  The Commission is charged with, among other duties, the
26 | responsibility of administering and enforcing Section 5 of the
27 | FTC Act, 15 U.S.C. § 45.  That section prohibits unfair or

28 |

deceptive acts or practices in or affecting commerce.

3.   The Commission is also charged with, among other duties, the responsibility of administering and enforcing the Telemarketing Sales Rule, 16 C.F.R. Part 310.

4.   Entry of this Order is in the public interest.

5.   The Defendants enter into this Order freely and without coercion and acknowledge that they understand the provisions of this Order and are prepared to abide by them.

6.   The Defendants have waived all rights to appeal or otherwise to challenge or contest the validity of this Order.

7.   Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), and 15 U.S.C. § 53(b).

8.   The Defendants have waived all claims against the Federal Trade Commission regarding this matter, CV-99-07989 GHK (CTx), under the Equal Access to Justice Act, 28 U.S.C. § 2412.

9.   The acts and practices of the Defendants were or are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

A.   "Material" means likely to affect a person's choice of, or conduct regarding, goods, services or decision making;

B.   "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rules of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio, and video recordings, computer records, and

1 | other data compilations from which the information can be
2 | obtained and translated, if necessary, through detection devices
3 | into reasonably usable form.  A draft or non-identical copy is a
4 | separate document within the meaning of the term.

5 |     C.    "Advance fee credit cards or lines of credit" means any
6 | credit cards or lines of credit which require an application fee
7 | prior to establishment of credit.

8 |     D.    "Assisting others engaged in" means (1) performing
9 | customer service functions including, but not limited to,
10 | receiving or responding to consumer complaints; (2) formulating
11 | or providing or arranging for the formulation or provision of,
12 | sales scripts or any other marketing material; (3) providing
13 | names of, or arranging for the provision of names of, potential
14 | customers; or (4) performing marketing services of any kind.

15 | **I.  BANNED BUSINESS ACTIVITIES**

16 | **IT IS THEREFORE ORDERED** that Defendants Credit National,
17 | Inc. and Mark Wolf, individually, and doing business as Credit
18 | America, and their agents, servants, employees, attorneys, and
19 | all persons or entities directly or indirectly under the control
20 | of any of them, and all other persons or entities in active
21 | concert or participation with any of them who receive actual
22 | notice of this Order by personal service or otherwise, and each
23 | such person or entity, in connection with the sale, advertising,
24 | offering for sale, or marketing of advance fee credit cards or
25 | lines of credit, are hereby banned from requesting or receiving,
26 | or assisting others engaged in requesting or receiving, payment
27 | of any fee or consideration from any person in advance of that

28 |

1  person obtaining an extension of credit while guaranteeing or

2  representing a high likelihood of success in obtaining such

3  extension of credit for a person.

4  ## II.   PROHIBITED BUSINESS PRACTICES

5  **IT IS FURTHER ORDERED** that Defendants Credit National, Inc.

6  and Mark Wolf, individually, and doing business as Credit

7  America, and their agents, servants, employees, attorneys, and

8  all persons or entities directly or indirectly under the control

9  of any of them, and all other persons or entities in active

10  concert or participation with any of them who receive actual

11  notice of this Order by personal service or otherwise, and each

12  such person or entity, are hereby permanently restrained and

13  enjoined from:

14  A.    Falsely representing, expressly or by implication,

15  that, after paying a fee, consumers will or are very likely to

16  receive credit cards or a line of credit, in connection, directly

17  or indirectly, with the sale, advertising, offering for sale or

18  marketing of credit cards or lines of credit, or advance fee

19  credit cards or lines of credit;

20  B.    Violating any provision of the Telemarketing Sales

21  Rule, 16 C.F.R. § 310.1 *et seq.*, including any amendments

22  thereto;

23  C.    Failing to return, credit or otherwise refund any

24  payments from consumers to Credit National, Inc. or Credit

25  America after the date this Order is entered, except as provided

26  in Paragraph XV below, ("Return of Mail");

27  D.    In connection with the sale, advertising, offering for

28

1  sale, or marketing of any goods or services, or in connection

2  with assisting others engaged in the sale, advertising, offering

3  for sale or marketing of any goods or services, falsely

4  representing, expressly or by implication, any fact material to a

5  consumer's decision to purchase such goods or services.

6  ### III.  MONETARY JUDGMENT

7  **IT IS FURTHER ORDERED** that a judgment is hereby entered in

8  the amount of thirty five thousand two hundred sixty seven

9  dollars and fifty cents ($35,267.50), jointly and severally,

10  against Defendants Credit National, Inc. and Mark Wolf,

11  individually, and doing business as Credit America, and their

12  successors and assigns.  The judgment is in favor of the

13  Commission, for consumer redress and for paying any attendant

14  expenses of administering the redress fund.

15  A.   The Commission shall, if practical, propose a plan to

16  the Court to conduct a claims procedure which will (1) enable

17  consumers who purchased items or services or sent money to

18  Defendants to make claims against those funds or recognize those

19  consumers who have already made a claim for a refund, and (2)

20  provide a means of distributing funds recovered to those

21  consumers who have approved refund claims.  If the Commission

22  determines, in its sole discretion, that redress to injured

23  consumers is wholly or partially impractical, the payment shall

24  be used to educate consumers regarding advance fee offers of

25  credit.  If the Commission determines, in its sole discretion,

26  that such educational efforts are wholly or partially

27  impractical, any funds not so used shall be deposited into the

28

United States Treasury.  If the Court orders a redress plan and
an administrator is employed to administer redress ("Fund
Administrator"), such administrator may destroy all records
relating to this matter six (6) years after the transfer of any
remaining redress funds to the FTC Treasury account or the
closing of the account from which such funds were disbursed,
whichever is earlier, provided that no records shall be destroyed
unless and until a representative of the Commission has received
and approved the administrator's final accounting report.
Records shall be destroyed in accordance with disposal methods
and procedures to be specified by the Commission.  The Commission
may, in its sole discretion, require that such records, in whole
or in part, be transferred, in lieu of destruction, to the
Commission;

   B. The judgment shall be satisfied as follows:

      1. Within seven (7) business days after receiving
notice of the entry of this Final Judgment,
Defendants shall transfer certain cash (as herein
below described) in the form of a certified or
cashier's check to the Federal Trade Commission or
Fund Administrator for the purpose of establishing
a consumer redress fund.  The cash to be
transferred is as follows:  The sum of fifteen
thousand two hundred sixty seven dollars and fifty
cents ($15,267.50) from Attorney Anthony O.
Cormier's Trust Account at Bank of America, El
Camino, California branch;

2.   Within seven (7) business days after receiving
     notice of the entry of this Final Judgment,
     Defendant Mark Wolf shall:  (1) provide the
     Federal Trade Commission with a promissory note
     and with a deed of trust which shall be in the
     form attached hereto as Appendix A, and which
     according to Defendant Mark Wolf's best knowledge
     and belief will be a third deed of trust securing
     the above referenced judgment to the Federal Trade
     Commission in the amount of twenty thousand
     dollars ($20,000) on all interests in the real
     property at 195 Dapplegray Road, Bell Canyon,
     California, and titled in the name of Mark Wolf;
     and (2) provide to the Commission documents
     establishing that the deed of trust has been
     properly recorded, to the best of Defendant Mark
     Wolf's knowledge;

3.   Immediately upon receiving notice of the entry of
     this Final Judgment, Defendant Mark Wolf shall
     take specific steps to sell the above-referenced
     real property at 195 Dapplegray Road, Bell Canyon,
     California.  These steps are set forth in Appendix
     B, which is attached to this Final Judgment.  If
     Defendants fully comply with each of the
     provisions set forth in Paragraph III(B) above,
     and if Defendants sell the above-referenced real
     property and turn over the proceeds from that sale

1          in full compliance with each of the requirements

2          set forth in Appendix B to this Final Judgment,

3          the monetary judgment established by this Final

4          Judgment shall be deemed fully satisfied.  The

5          Commission shall release any deed of trust upon

6          the real property referenced in Paragraph

7          III(B)(2) above upon sale of such property so long

8          as the proceeds due to the Commission from such

9          sale are available in escrow to be paid to the

10         Commission or Fund Administrator at the time of

11         closing; and

12     C.    Defendants forever disclaim all right, title, and

13 interest in all sums paid.  None of these funds shall be returned

14 to the Defendants, their successors, heirs, or assigns.  The

15 monetary judgment agreed upon and entered pursuant to this Order

16 constitutes a refund of fees paid by consumers.  No portion of

17 any payments under the judgment herein shall be deemed a payment

18 of any fine, penalty, or punitive assessment.

19                    **IV.  ASSET FREEZE**

20     **IT IS FURTHER ORDERED** that the freeze on the Defendants'

21 assets, imposed in the Stipulation and Order for Preliminary

22 Injunction With Asset Freeze entered in this proceeding, shall be

23 lifted upon (A) the entry of this Final Judgment, (B) Defendants'

24 payment of the monies required pursuant to Paragraph III(B)(1) of

25 this Final Judgment; and (C) either Defendant Mark Wolf's

26 recording of the deed of trust as required pursuant to Paragraph

27 III(B)(2)-(3) of this Final Judgment, or the payment of twenty

28

1 thousand dollars ($20,000), which that deed of trust was intended

2 to secure.  Entry of this Final Judgment by the Court shall

3 constitute consent by the Defendants to allow Attorney Anthony O.

4 Cormier to release from his Trust Account to the Commission or

5 the Administrator the monies described in Paragraph III(B).

## V.  COMMISSION'S RIGHT TO REOPEN

7 **IT IS FURTHER ORDERED** that the Commission's agreement to

8 this Order is expressly premised upon the truthfulness, accuracy,

9 and completeness of the financial condition of the Defendants as

10 represented in their financial statements that have been

11 submitted to the Commission by the Defendant and which will be

12 reaffirmed by the Defendants pursuant to Paragraph VI.  The

13 Monetary Judgment is expressly premised upon the truthfulness,

14 accuracy and completeness of the financial statements that have

15 been submitted to the Commission by the Defendants.  If, upon

16 motion by the Commission, the Court finds that any of the

17 Defendants failed to file the sworn statement required by this

18 Paragraph, failed to disclose any material asset, materially

19 misrepresented the value of any asset, or made any other material

20 misrepresentation or omission in the above referenced financial

21 statements and information, the Court shall enter judgment

22 against such Defendants, in favor of the Commission, in the

23 amount of eight hundred eighty seven thousand two hundred

24 dollars and thirty five cents ($887,200.35), representing the

25 approximate amount of consumer injury, and which will become

26 immediately due and payable less any payment already made.  For

27 purposes of this Paragraph and any subsequent proceedings to

28

1  enforce payment, including but not limited to a non-

2  dischargeability complaint filed in a bankruptcy proceeding, the

3  Defendants waive any right to contest any of the allegations in

4  the Commission's Complaint filed on August 5, 1999.

5  **VI.   REAFFIRMATION OF FINANCIAL STATEMENTS**

6  **IT IS FURTHER ORDERED** that within five (5) business days

7  after Defendant Mark Wolf's receipt of notice that this Order has

8  been entered by the Court, Defendants shall submit to the

9  Commission a truthful sworn and notarized statement, in the form

10  shown on Appendix C, that shall reaffirm and attest to the

11  truthfulness, accuracy, and completeness of the Defendants'

12  financial statements executed on August 18, 1999.  The Commission

13  is authorized to verify any information provided in the financial

14  statements with any appropriate third party, including but not

15  limited to any financial institution or credit reporting bureau.

16  **VII.   ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANTS**

17  **IT IS FURTHER ORDERED** that within five (5) business days

18  after receipt by Defendants of this Order as entered by the

19  Court, Defendants shall submit to the Commission a truthful sworn

20  and notarized statement, in the form shown on Appendix D, that

21  shall acknowledge receipt of this Final Order.

22  **VIII.   DISTRIBUTION OF ORDER BY DEFENDANTS**

23  **IT IS FURTHER ORDERED** that, for a period of five (5) years

24  from the date of entry of this Order, the Defendants shall:

25  A.    Provide a copy of this Order to, and obtain a signed

26  and dated acknowledgment of receipt of same from, each officer or

27  director, each individual serving in a management capacity, all

28

1   personnel involved in responding to consumer complaints or

2   inquiries, and all sales personnel, whether designated as

3   employees, consultants, independent contractors or

4   otherwise, immediately upon employing or retaining any such

5   persons, for any business where

6          1.   Defendant Mark Wolf is the majority owner of the

7               business or directly or indirectly manages or

8               controls the business, and where

9          2.   the business is engaged in the sale or marketing

10              of advance fee credit cards and lines of credit,

11              or assisting others engaged in these activities,

12   B.   Maintain for a period of three (3) years after

13   creation, and upon reasonable notice, make available to

14   representatives of the Commission, the original signed and dated

15   acknowledgments of the receipt of copies of this Order, as

16   required in Subsection (A) of this Paragraph.

17          IX.   MONITORING COMPLIANCE OF SALES PERSONNEL

18   IT IS FURTHER ORDERED that Defendant Mark Wolf, in

19   connection with any business where

20   (1)   Defendant Mark Wolf is the majority owner of the

21         business or directly or indirectly manages or controls

22         the business, and where

23   (2)   the business engages in any credit related services, or

24         assisting others engaged in these activities, is hereby

25         permanently restrained and enjoined from:

26   A.   Failing to take reasonable steps sufficient to monitor

27   and ensure that all employees and independent contractors engaged

28

1  in sales or other customer service functions comply with

2  Paragraphs I and II of this Order.  Such steps shall include

3  adequate monitoring of sales presentations or other calls with

4  customers, and shall also include, at a minimum, the following:

5  (1) listening to the oral representations made by persons engaged

6  in sales or other customer service functions, (2) establishing a

7  procedure for receiving and responding to consumer complaints;

8  and (3) ascertaining the number and nature of consumer complaints

9  regarding transactions in which each employee or independent

10  contractor is involved; *provided* that this Paragraph does not

11  authorize or require the Defendants to take any steps that

12  violate any federal, state, or local laws;

13      B.   Failing promptly to investigate fully any consumer

14  complaint received by any business to which this Paragraph

15  applies; and

16      C.   Failing to take corrective action with respect to any

17  sales person who Defendants determine is not complying with this

18  Order, which may include training, disciplining, and/or

19  terminating such sales person.

20                  **X.   RECORD KEEPING PROVISIONS**

21      **IT IS FURTHER ORDERED** that, for a period of five (5) years

22  from the date of entry of this Order, Defendants, and Defendants'

23  agents, employees, officers, and servants, corporations,

24  successors, and assigns, and those persons in active concert or

25  participation with them who receive actual notice of this Order

26  by personal service or otherwise, in connection with any business

27  where

28

1          (1)   Defendants are the majority owners of the business or

2                directly or indirectly manage or control the business,

3                and where

4          (2)   the business engages in any credit related services,

5                are hereby restrained and enjoined from failing to

6                create, and from failing to retain for a period of

7                three (3) years following the date of such creation,

8                unless otherwise specified:

9          A.    Books, records and accounts that, in reasonable detail,

10   accurately and fairly reflect the cost of goods or services sold,

11   revenues generated, and the disbursement of such revenues;

12         B.    Records accurately reflecting: the name, address, and

13   telephone number of each person employed in any capacity by such

14   business, including as an independent contractor; that person's

15   job title or position; the date upon which the person

16   commenced work; and the date and reason for the person's

17   termination, if applicable.  The businesses subject to this

18   Paragraph shall retain such records for any terminated

19   employee for a period of two (2) years following the date of

20   termination;

21         C.    Records containing the names, addresses, phone numbers,

22   dollar amounts paid, quantity of items or services purchased, and

23   description of items or services purchased, for all customers to

24   whom such business has sold, invoiced or shipped any goods or

25   services, or from whom such business has accepted money or other

26   items of value, except that customer phone numbers may be omitted

27   from such records in the event that a customer refuses to provide

28

1  his or her phone number;

2      D.   Records that reflect, for every consumer complaint or

3  refund request, whether received directly or indirectly or

4  through any third party:

5              1.   the consumer's name, address, telephone number and

6                   the dollar amount paid by the consumer, except

7                   that customer phone numbers may be omitted from

8                   such records in the event that a customer refuses

9                   to provide his or her phone number;

10             2.   the written complaint or refund request, if any,

11                  and the date of the complaint or refund request;

12             3.   the basis of the complaint, including the name of

13                  any salesperson complained against, and the nature

14                  and result of any investigation conducted

15                  concerning any complaint;

16             4.   each response and the date of the response;

17             5.   any final resolution and the date of the

18                  resolution; and

19             6.   in the event of a denial of a refund request, the

20                  reason for the denial; and

21     E.   Copies of all advertisements, sales scripts, training

22  materials, or any other marketing materials utilized; provided

23  that copies of any advertisements, sales scripts, training

24  materials, or any other marketing materials utilized shall be

25  retained for three (3) years after the last date of dissemination

26  of any such materials; and

27     F.   Copies of each contract made with any business entity

28

for the sale or marketing of advance fee credit cards and lines
of credit from or to Defendants.

### XI.   COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with
the provisions of this Order may be monitored:

A.   For a period of five (5) years from the date of entry
of this Order, Defendants shall notify the Commission of the
following:

       1.   any changes in Defendant Wolf's residence, mailing
address, and telephone number, within ten (10)
days of the date of such change;

       2.   any changes in Defendant Wolf's employment status
(including self-employment) within ten (10) days
of such change.  Such notice shall include the
name and address of each business that Defendant
Wolf is affiliated with or employed by, a
statement of the nature of the business, and a
statement of Defendant Wolf's duties and
responsibilities in connection with the business
or employment; and

       3.   any proposed change in the structure of Defendant
Credit National, Inc., such as creation,
incorporation, dissolution, assignment, sale,
merger, creation, dissolution of any subsidiaries,
proposed filing of a bankruptcy petition, or
change in the corporate name or address, or any
other change that may affect any compliance

1        obligations arising out of this Order, thirty

2        (30) days prior to the effective date of any

3        proposed change; *provided*, however, that, with

4        respect to any proposed change in the corporation

5        about which a Defendant learns less than thirty

6        (30) days prior to the date such action is to take

7        place, that Defendant shall notify the Commission

8        as soon as is practicable after learning of such

9        proposed change;

10    B.    Upon the FTC's request, one hundred eighty days (180)

11  after the date of entry of this Order, Defendant Wolf shall

12  provide a written report to the FTC, sworn to under penalty of

13  perjury, setting forth in detail the manner and form in which the

14  Defendants have complied and are complying with this Order.  This

15  report shall include but not be limited to:

16       1.    Defendant Wolf's then current residence address

17           and telephone number;

18       2.    Defendant Wolf's then current employment, business

19           addresses and telephone numbers, a description of

20           the business activities of each such employer, and

21           Defendant's title and responsibilities for each

22           employer;

23       3.    A copy of each acknowledgment of receipt of this

24           Order obtained by Defendant Wolf pursuant to

25           Paragraph VII; and

26       4.    A statement describing the manner in which all

27           Defendants have complied and are complying with

28

1      A.   Paragraphs I and II, and

2      B.   Paragraph III;

3    C.   Upon written request by a representative of the

4 Commission, Defendants shall submit additional written reports

5 (under oath, if requested) and produce documents on

6 fifteen (15) days' notice with respect to any conduct subject to

7 this Order;

8    D.   For the purposes of this Order, Defendants shall,

9 unless otherwise directed by the Commission's authorized

10 representatives, mail all written notifications to the

11 Commission to:

12    Thomas J. Syta, Assistant Regional Director, Western Region
   Federal Trade Commission

13    10877 Wilshire Boulevard, Suite 700
   Los Angeles, California 90024

14    Re:  FTC v. Credit National, Inc., et al.

15    E.   For the purposes of this Paragraph, "employment"

16 includes the performance of services as an employee, consultant,

17 or independent contractor; and "employers" include any individual

18 or entity for whom Defendant Wolf performs services as an

19 employee, consultant, or independent contractor.

20    F.   For purposes of the compliance reporting required by

21 this Paragraph, the Commission is authorized to communicate

22 directly with Defendant Mark Wolf.

23    **XII.   COMMISSION'S AUTHORITY TO MONITOR COMPLIANCE**

24    **IT IS FURTHER ORDERED** that the Commission is authorized to

25 monitor the Defendants' compliance with this Order by all lawful

26 means, including but not limited to the following means:

27    A.   The Commission is authorized, without further leave of

28

1  court, to obtain discovery from any person in the manner provided

2  by Chapter V of the Federal Rules of Civil Procedure, Fed. R.

3  Civ. P. 26 - 37, including the use of compulsory process pursuant

4  to Fed. R. Civ. P. 45, for the purpose of monitoring and

5  investigating the Defendants' compliance with any provision of

6  this Order;

7       B.    The Commission is authorized to use representatives

8  posing as consumers and suppliers to Defendants, Defendants

9  employees, or any other entity managed or controlled in whole or

10 in part by Defendants without the necessity of identification or

11 prior notice;

12      C.    Nothing in this Order shall limit the Commission's

13 lawful use of compulsory process, pursuant to Sections 9 and 20

14 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to investigate whether

15 Defendants have violated any provision of this Order or Section 5

16 of the FTC Act, 15 U.S.C. § 45.

17                **XIII.   ACCESS TO BUSINESS PREMISES**

18      **IT IS FURTHER ORDERED** that, for a period of five (5) years

19 from the date of entry of this Order, for the purpose of further

20 determining compliance with this Order, Defendants shall permit

21 representatives of the Commission, within three (3) days of

22 receipt of a written notice from the Commission:

23      A.    Access during normal business hours to any office, or

24 facility storing documents, of any business where

25           1.    Defendant Wolf is the majority owner, or any

26                 business that Defendant Wolf directly or

27                 indirectly manages or controls the business,

28

1            and where

2         2.   the business is engaged in any credit related

3             services.

4 In providing such access, Defendant Wolf shall permit

5 representatives of the Commission to inspect and copy all

6 documents relevant to any matter contained in this Order, and

7 shall permit Commission representatives to remove documents

8 relevant to any matter contained in this Order for a period not

9 to exceed five (5) business days so that the documents may be

10 inspected, inventoried, and copied; and

11     B.   To interview the officers, directors, and employees,

12 including all personnel involved in responding to consumer

13 complaints or inquiries, and all sales personnel, whether

14 designated as employees, consultants, independent contractors or

15 otherwise, of any business to which Subsection (A) of this

16 Paragraph applies, concerning matters relating to compliance with

17 the terms of this Order.  The person interviewed may have counsel

18 present.

19    *Provided* that, upon application of the Commission and for

20 good cause shown, the Court may issue an *ex parte* order granting

21 immediate access to Defendants' business premises for the

22 purposes of inspecting and copying all documents relevant to any

23 matter contained in this Order.

24             **XIV. CONSUMER LISTS**

25    **IT IS FURTHER ORDERED** that the Defendants, and their agents,

26 servants, employees, attorneys, and all persons or entities

27 directly or indirectly under the control of any of them, and all

28

1 | other persons or entities in active concert or participation with
2 | any of them who receive actual notice of this Order by personal
3 | service or otherwise, and each such person or entity, are
4 | permanently restrained and enjoined from hereafter using,
5 | selling, renting, leasing, transferring, or otherwise disclosing
6 | the name, address, telephone number, bank account number, or
7 | other identifying information of any person who paid any money to
8 | any Defendant as a result of any conduct subject to this Order;
9 | *provided however*, that the Defendants may disclose such
10 | identifying information to a law enforcement agency, or as
11 | required by any law, regulation or court order.

12 | **XV.  RETURN OF MAIL**

13 | **IT IS FURTHER ORDERED** that the mail delivered to Defendants'
14 | mail boxes numbers 511 and 646 at Mail Boxes Etc., 6520 Platt
15 | Avenue, West Hills, California 91307 and which has been held by
16 | Mail Boxes Etc. pursuant to the Court's Temporary Restraining
17 | Order and Preliminary Injunction is to be returned by the
18 | Commission to the senders.  The Commission is ordered to take
19 | possession of that mail and return it to the senders.  The
20 | Commission may, at its option, open such mail to determine
21 | whether, and in what amount, consumer redress is appropriate for
22 | the sender of the mail or for an individual referred to in the
23 | mail.  Any consumer redress program to be conducted is subject to
24 | the provisions of Paragraph III(A), above.  The Commission may
25 | include, at its option, consumer education materials with the
26 | mail returned to senders under this Paragraph XV.  After the
27 | Commission takes possession of the mail already received, any
28 |

mail subsequently received may be handled, at the Commission's option, in the manner described above, or may be marked "Return to Sender - Box Closed" by Mail Boxes Etc. personnel and returned to the U.S. Postal Service.   The Commission is entitled to use funds obtained pursuant to the Monetary Judgment in Paragraph III for mailing costs.

### XVI.   COSTS AND ATTORNEYS FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorneys fees incurred in connection with this action.

### XVII.   CONTINUING JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

### XVIII.   NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of Court shall constitute notice to the Defendants of the terms and conditions of this Order, and that the Defendants waive all rights to contest in any future proceeding whether they were properly served with this Order.

//
//
//
//
//
//
//
//
//

1 | ### XIX.  ENTRY BY CLERK

2 | There being no just reason for delay, the Clerk of the Court

3 | is hereby directed to enter this Order.

4 | The parties hereby stipulate to the entry of the foregoing

5 | Order, which shall constitute a final Order in this action.

6 | SIGNED AND STIPULATED BY:

7 | Dated: __9/20/2000__, 2000

_Thomas J. Syta_

8 | Thomas J. Syta
Federal Trade Commission
Attorney for Plaintiff

9 |
10 | Dated: __7/6/00__, 2000

Credit National, Inc.
by Mark Wolf, Its President

11 |
12 | Dated: __7/6/00__, 2000

Mark Wolf, individually, and
doing business as Credit
13 | America

14 | Dated: __7/7/10__, 2000

Anthony O. Cormier
15 | Law Offices of Anthony Cormier
Attorney for Defendants
16 | Credit National, Inc. and Mark
Wolf, individually, and doing
17 | business as Credit America

18 |
**IT IS SO ORDERED.**

19 |
20 | Dated this __22nd__ day of __Sep__, 2000.

21 |
22 |
GEORGE H. KING
23 | United States District Judge

Page -23-

APPENDIX A

DO NOT DESTROY THIS ORIGINAL NOTE· When paid, said original note, together with the Deed of Trust securing same, must be surrendered to Trustee for cancellation and retention before reconveyance will be made.

# NOTE SECURED BY DEED OF TRUST
(STRAIGHT NOTE)

$ __20,000.00__ _____ , California, ____January 12, 2000__ xxxxx

__Twelve months (12)__ _____ after date, for value received, I/We promise to pay to

__The Federal Trade Commission__ _____

_____ , or order,

at __10877 Wilshire Boulevard, Suite 700, Los Angeles, California   90024__ _____

the sum of __twenty thousand__ _____ DOLLARS,

with interest, on the unpaid principal amount from __January 12, 2000__ _____ , at the rate of

__0__ per cent per annum, interest payable _____

Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note I/We promise to pay such sum as the Court may fix as attorney's fees. This note is secured by DEED of TRUST to Commonwealth Land Title Company. a California Corporation, as Trustee.

Form 3123 (CA)

THIS FORM FURNISHED BY    **Commonwealth.**
Land Title Insurance Company

**DO NOT DESTROY THIS NOTE**

**PAYMENTS**

| Date Paid M D Y | Amount Paid | Interest Paid | Principal Paid | Interest Paid To M D Y | Balance Principal Unpaid | To Whom Paid |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**RECORDING REQUESTED BY**

**AND WHEN RECORDED MAIL TO**

| | |
|---|---|
| Name | Thomas J. Syta |
| Street Address | Federal Trade Commission |
| | 10877 Wilshire Blvd. #700 |
| City & State | Los Angeles, CA   90024 |

—— SPACE ABOVE THIS LINE FOR RECORDER'S USE ——

A.P.N. _____

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

**This Deed of Trust,** made   January 12, 2000                                    , between

Mark Wolf                                                                 , herein called **TRUSTOR,**

whose address is   195 Dapplegray Road, Bell Canyon, California     91307

(number and street)          (city)          (state)

**COMMONWEALTH LAND TITLE COMPANY,** a California corporation, ,herein called TRUSTEE, and

Federal Trade Commission                                    , herein called BENEFICIARY,

**Witnesseth:** That Trustor grants to Trustee in Trust with Power of Sale, that property in the
County of  Ventura                                    , State of California, described as:

Lot 387 of Tract No. 2008-3, as per map recorded in Book 51, Pages 45 to 46
inclusive of maps, in the office of the County Recorder of Ventura County.
Commonly known as 195 Dapplegray Road, Bell Canyon, California   91307.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the purpose of Securing (1) payment of the sum of $ 20,000.00
with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performances of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

INITIAL _____

**To Protect the Security of This Deed of Trust, Trustor Agrees:**
By the execution and delivery of this Deed of Trust and the note secured hereby, that provisions (1) to (14) inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County October 18, 1961, and in all other counties October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| County | Book | Page | County | Book | Page | County | Book | Page |
|---|---|---|---|---|---|---|---|---|
| Alameda | 435 | 684 | Madera | 810 | 170 | San Luis Obispo | 1151 | 12 |
| Alpine | 1 | 250 | Marin | 1508 | 339 | San Mateo | 4078 | 420 |
| Amador | 104 | 348 | Mariposa | 77 | 292 | Santa Barbara | 1878 | 860 |
| Butte | 1145 | 1 | Mendocino | 579 | 530 | Santa Clara | 5336 | 341 |
| Calaveras | 145 | 152 | Merced | 1547 | 538 | Santa Cruz | 1431 | 494 |
| Colusa | 296 | 617 | Modoc | 184 | 851 | Shasta | 684 | 528 |
| Contra Costa | 3978 | 47 | Mono | 52 | 429 | San Diego   Series 2 Book 1961 | | Page 183887 |
| Del Norte | 78 | 414 | Monterey | 2194 | 538 | Sierra | 29 | 335 |
| El Dorado | 568 | 456 | Napa | 639 | 86 | Siskiyou | 468 | 181 |
| Fresno | 4626 | 572 | Nevada | 305 | 320 | Solano | 1105 | 182 |
| Glenn | 422 | 184 | Orange | 5889 | 611 | Sonoma | 1851 | 689 |
| Humbolt | 657 | 527 | Placer | 895 | 301 | Stanislaus | 1715 | 456 |
| Imperial | 1091 | 501 | Plumas | 151 | 5 | Sutter | 572 | 297 |
| Inyo | 147 | 598 | Riverside | 3005 | 523 | Tehama | 401 | 289 |
| Kern | 3427 | 60 | Sacramento | 4331 | 62 | Trinity | 93 | 366 |
| Kings | 792 | 833 | San Benito | 271 | 383 | Tulare | 2294 | 275 |
| Lake | 362 | 39 | San Bernardino | 5567 | 61 | Tuolumne | 135 | 47 |
| Lassen | 171 | 471 | San Francisco | A332 | 905 | Ventura | 2062 | 386 |
| Los Angeles | T2055 | 899 | San Joaquin | 2470 | 311 | Yolo | 653 | 245 |
| | | | | | | Yuba | 334 | 486 |

shall insure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivision A and B  (identical in all counties, and printed on the reversed side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefore does not exceed the maximum allowed by law.
The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

*Signature of Trustor*

STATE OF CALIFORNIA
COUNTY OF _____ } SS

On _____ before me

a Notary Public, personally appeared _____

_____

_____

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is  are subscribed to the within instrument and acknowledged to me that he  she  they executed the same in his  her  their authorized  capacity(ies), and that by his  her  their signature(s) on the instrument the  erson(s)  or the entity upon behalf of which the person(s) acted executed the instrument

WITNESS my hand and official seal

Signature _____

Title Order No. _____

Escrow or Loan No. _____

(This area for official notarial seal)

DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California is stated and by reference in said Deed of Trust as being a part thereof as if set forth at length therein

A    To protect the security of this Deed of Trust  Trustor agrees

(1)    To keep said property in good condition and repair  not to remove or demolish any building thereon  to complete or restore promptly and in good and workmanlike manner any building which may be constructed  damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor  and to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof  not to commit  suffer or permit any act upon said property in violation of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general

(2)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary  The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor  Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee  and to pay all costs and expenses including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear  and in any suit brought by Beneficiary to foreclose this Deed

(4)    To pay at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock  when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may  make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any incumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees

(5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the same rate set forth in the Note secured by this Deed of Trust, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually agreed:

(1)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance

(2)    That by accepting payment of any sum secured hereby after its due date, beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure to pay

(3)    That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may  reconvey any part of said property, consent to the making of any map or plat thereof, join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof

(4)    That upon written request of beneficiary stating that all sums secured hereby, have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder  The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof  The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto"

(5)    That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents  issues and profits as they become due and payable  Upon any such default  Beneficiary may at any time without notice either in person  by agent, or by a receiver to be appointed by a court  and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof in his own name  sue or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same less costs and expenses of operation and collection  including reasonable unawareness fees  upon any indebtedness secured hereby, and in such order as Beneficiary may determine  The entering upon and taking possession of said property  the collection of such rents  issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice

(6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record  Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor  shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale  Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale  and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement  Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied  The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof  Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale

After deducting all costs, fees and expenses of Trustee and of this Trust  including costs of evidence of title in connection with sale  Trustee shall apply the proceeds of sale to payment of  all sums expended under the terms hereof  not then repaid  with accrued interest at the amount allowed by law in effect at the date hereof  all other sums then secured hereby, and the remainder  if any  to the person or persons legally entitled thereto

(7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby  may from time to time  by instrument in writing substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties  Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder  the book and page where this Deed is recorded and the name and address of the new Trustee

(8)    That this Deed applied to  inures to the benefit of  and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns  The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein  In this Deed, whenever the context so requires, the masculine gender includes the feminine and  or neuter  and the singular number includes the plural

(9)    The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law  Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee

### DO NOT RECORD

REQUEST FOR FULL RECONVEYANCE

TO COMMONWEALTH LAND TITLE COMPANY  TRUSTEE

The undersigned is the legal owner and holder of the note or notes  and of all other indebtedness secured by the foregoing Deed of Trust  Said note or notes  together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied  and you are hereby requested and directed  on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith together herewith said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same

Dated _____                                    _____

_____

Please mail Deed of Trust,
Note and Reconveyance to _____

Form B307-8A (5-94)                    THIS FORM PROVIDED BY COMMONWEALTH LAND TITLE COMPANY                    INITIAL _____

**APPENDIX B**

DEFINITIONS

    For the purposes of this Appendix to the Final Judgment, the following definitions shall apply:

    "Net proceeds" from the sale of real property, either through sale by a real estate agent or through foreclosure proceedings, refers to any amount recovered from the sale of the property in excess of the sum of:  the balance of the first and second deeds of trust on the property, plus brokerage fees, and or other costs involved in the sale of the property.

    The date that a piece of real property is "sold" shall refer not to the date that an offer to buy or sell the property is accepted, but rather the date that the title legally passes from seller to buyer.

STEPS TO BE TAKEN IN SELLING THE DAPPLEGRAY ROAD PROPERTY

    Defendant Mark Wolf shall take the following steps to sell the real property located at 195 Dapplegray Road, Bell Canyon, California (hereafter the "Property"):

    A.    Immediately upon receiving notice of the entry of this Final Judgment, Defendant Mark Wolf shall ensure that all of his interests in the Property are offered for sale.  Andrea Yates of Prudential John Aaroe & Associates, in Woodland Hills, California shall serve as the initial listing agent for the Property.  The Property shall be placed on a multiple listing. Defendant Mark Wolf shall continue to list the Property on a multiple listing for no fewer than nine months, or until the Property is sold as defined in this Appendix;

B. After the expiration of the current listing agreement with Ms. Yates, Defendant Mark Wolf shall immediately comply with any request by the Commission during the above-mentioned nine-months period to select a different listing agent other than Ms. Yates;

C. At all times while the Property is listed for sale, Defendant Mark Wolf shall comply with any written directive from the Commission as to the price at which the Property is to be listed for sale. Defendant Mark Wolf must direct the listing agent to notify Thomas Syta or Tanya Mayorkas, counsel for the Commission in this proceeding, of the amount of any offer to purchase the Property immediately upon receiving each such offer;

D. Defendant Mark Wolf shall obtain written approval by counsel for the Commission before accepting any offer for sale of all interests in the Property at any price that does not fully satisfy the Commission's security interest in the Property, as provided in Paragraph III;

E. Defendant Mark Wolf shall not need to obtain prior written approval by counsel for the Commission or involve the Commission in any transaction for a sale of all interests in the Property at any price that fully satisfies the Commission's security interest in the Property, as provided in Paragraph III;

F. In the event that foreclosure proceedings are initiated, Defendant Mark Wolf shall immediately notify Thomas Syta or Tanya Mayorkas, counsel for the

1        Commission, that such proceedings have begun, and the
2        name and telephone number of the individual that is
3        handling any such proceedings; and
4    G.  Defendant Mark Wolf shall ensure that twenty thousand
5        dollars ($20,000) of the net proceeds from the sale of
6        all of his interests in the Property are immediately
7        turned over to the Commission or the Fund
8        Administrator.

1                           **APPENDIX C**

2

3

4

5                UNITED STATES DISTRICT COURT

6             CENTRAL DISTRICT OF CALIFORNIA

7                   WESTERN DIVISION

8

9

| | |
|---|---|
| FEDERAL TRADE COMMISSION,) | CV-99-07989-GHK(CTx) |
| ) | |
| Plaintiff ) | AFFIDAVIT OF DEFENDANT MARK WOLF |
| ) | |
| v. ) | |
| ) | |
| CREDIT NATIONAL, INC., ) | |
| a corporation, ) | |
| ) | |
| MARK WOLF, ) | |
| an individual, and ) | |
| ) | |
| doing business as ) | |
| CREDIT AMERICA, ) | |
| ) | |
| Defendants. ) | |

Mark Wolf, being duly sworn, hereby states and affirms as follows:

I, _____, hereby state that the information contained in the financial statements and related papers provided to the Federal Trade Commission on _____, 1999 and _____, 1999 were true, accurate and complete at such time.  A copy of the aforementioned financial statements and related papers is attached hereto as Attachment A.

       I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on this date of _____, 2000, at _____, California.

                                              _____

                                              Mark Wolf

State of _____, City of _____.

Subscribed and sworn to before me

this _____ day of _____, 2000.

_____
Notary Public
My Commission Expires:

_____

**APPENDIX D**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

```
_____   )   CV-99-07989-GHK(CTx)
                                )
FEDERAL TRADE COMMISSION,       )
                                )   AFFIDAVIT OF DEFENDANT MARK WOLF
        Plaintiff               )   ACKNOWLEDGING RECEIPT OF SIGNED
                                )   ORDER
    v.                          )
                                )
CREDIT NATIONAL, INC.,          )
    a corporation,              )
                                )
MARK WOLF,                      )
    an individual, and          )
                                )
doing business as               )
    CREDIT AMERICA,             )
                                )
            Defendants.         )
_____   )
```

Mark Wolf, being duly sworn, hereby states and affirms as follows:

1.   My name is Mark Wolf.  My current residence address is _____    _____.
I am a citizen of the United States and am over the age of eighteen.  I have personal knowledge of the facts set forth in this Affidavit.

2.   I am a Defendant in FTC v. Credit National, Inc., et al. (United States District Court for the Central District of California).

3.   On _____, 2000, I received a copy of the Stipulated Final Judgment and Order for Permanent Injunction, on behalf of myself and Credit National, Inc., which was signed by

the Honorable George H. King  and entered by the Court on

_____, 2000.  A true and correct copy of the Order I

received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the

United States that the foregoing is true and correct.  Executed

on _____, 2000, at _____, California.


_____
                                   Mark Wolf


State of _____, City of _____.

Subscribed and sworn to before me

this \_\_\_\_\_ day of _____, 2000.


_____
Notary Public
My Commission Expires:

_____

## CERTIFICATE OF SERVICE

1

2

3      I, Thomas Syta, certify as follows:

4      I am over the age of 18 and am employed by the Federal Trade

5  Commission.  My business address is 10877 Wilshire Boulevard,

6  Suite 700, Los Angeles, California   90024.

7      On September 20, 2000, I caused the attached [Proposed]

8  STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION

9  to be served on defendants' attorney in this action by mailing a

10  true and correct copy of such document via United States mail,

11  postage prepaid, addressed as follows:

12

13  Anthony O. Cormier, Esq.
    Law Offices of Anthony O. Cormier

14  21700 Oxnard Street, #1750
    Woodland Hills, CA   91367

15

16

17      I declare under penalty of perjury that the foregoing is true

    and correct.

18

19  Dated: _9/20/2000_                    _Thomas Syta_

20                                        Thomas Syta

21

22

23

24

25

26

27

28

1